

ENTERED
11/09/2017

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **OFFSHORE SPECIALTY** | § | **Case No. 17-35623** |
| **FABRICATORS, LLC,** | § | **Chapter 11** |
| | § | |
| **DEBTOR.** | § | |

## ORDER (A) APPROVING SALE AND BIDDING PROCEDURES IN CONNECTION WITH SALE OF ASSETS OF THE DEBTOR, (B) APPROVING FORM AND MANNER OF NOTICE, (C) SCHEDULING AUCTION AND SALE HEARING, (D) AUTHORIZING PROCEDURES GOVERNING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (E) GRANTING RELATED RELIEF

On November 9, 2017, the Court held a hearing to consider the Debtor's *Motion, Pursuant to Bankruptcy Code Sections 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006, for Entry of: (I) Order (A) Approving Sale and Bidding Procedures in Connection with Sale of Assets of the Debtor, (B) Approving Form and Manner of Notice, (C) Scheduling Auction and Sale Hearing, (D) Authorizing Procedures Governing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (E) Granting Related Relief; and (II) Order (A) Approving Purchase Agreement, (B) Authorizing Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (C) Granting Related Relief* [ECF No. 59] (the "Motion")[1] filed by Offshore Specialty Fabricators, LLC (the "Debtor"). The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; (iv) proper and adequate notice of the Motion has been given and no other or further notice is necessary; and (v) upon the record

---

[1] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.

herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[2]

A.  This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.  The statutory bases for the relief requested in the Motion are: (i) §§ 105, 363, and 365 of the Bankruptcy Code and (ii) Rules 2002(a)(2), 6004, and 6006 of the Federal Rules of Bankruptcy Procedure.

C.  Notice of the Motion, having been given to all parties set forth in the Debtor's Master Service List maintained in this case, is sufficient in light of the circumstances and the nature of the relief requested in the Motion.

D.  The Debtor has articulated good and sufficient reasons for this Court to: (i) approve the Bidding Procedures; and (ii) approve the scheduling of an Auction and set the Sale Hearing and approve the manner of notice of the Auction and Sale Hearing.

E.  Bidding Procedures. The Bidding Procedures, attached as Exhibit 1 to this Order, are designed to encourage all entities to put their best bids forward and to maximize the value of the Assets.

F.  Sale Notice. The Sale Notice, substantially in the form attached as Exhibit 2 to this Order, is reasonably calculated and sufficient to provide interested parties with timely and

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. If any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2

proper notice of the proposed Sale, including, without limitation: (i) the date, time, and place of the Auction (if one is held); (ii) the Bidding Procedures; (iii) the deadline for filing objections to the Sale and entry of the Sale Order, and the date, time, and place of the Sale Hearing; (iv) reasonably specific identification of the Assets to be sold; (v) a description of the Sale as being free and clear of liens, claims, encumbrances and other interests (except as set forth in the Form APA or a Prevailing APA, as applicable); and no other or further notice of the Sale shall be required.

G. Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion, are overruled.

A. **Important Dates and Deadlines**

2. Sale Hearing. The sale hearing shall commence on January 22, 2018 at 1:30 p.m. (Central Time) before the Honorable Marvin Isgur in Courtroom 404, 515 Rusk, Houston, TX 77002 (the "Sale Hearing"). No further notice of any such continuance will be required to be provided to any party.

3. General Objection Deadline. Objections, if any, to the Sale of the Assets or any relief requested in the Motion other than the relief granted by this Court in this Order may be made orally at the hearing.

4. The failure of any person or entity to object be deemed to constitute any such party's consent to the entry of the Sale Order and consummation of the Sale and all transactions related thereto, including, without limitation, such assumption and assignment.

5.  <u>Bid Deadline</u>. All bids by any third party that is interested in acquiring some or all of the Assets must be actually received by the parties specified in the Bidding Procedures on or prior to January 15, 2018 at 5:00 p.m. (the "<u>Bid Deadline</u>").

6.  <u>Auction</u>. If necessary, an auction with respect to the Assets will be held at the offices of the Debtor's counsel: 909 Fannin, Suite 3700, Houston, TX, 77010, on January 19, 2018 at 1:30 p.m. (Central Time) (the "<u>Auction</u>"). As set forth more fully in the Bidding Procedures, only Qualified Bidders and their legal and financial advisors shall be entitled to attend and/or bid at the Auction.

**B.    Auction, Bidding Procedures, and Related Relief**

7.  The Bidding Procedures, attached hereto as <u>Exhibit 1</u>, are hereby authorized and approved. The Bidding Procedures shall govern the submission, receipt, and analysis of all Bids relating to the proposed Sale of the Assets. Any party desiring to bid on the Assets shall comply with the Bidding Procedures and this Order. The Debtor is authorized to take any and all actions necessary to implement the Bidding Procedures.

8.  A Qualified Bidder must confirm that it has not engaged in any collusion with respect to the bidding or the Sale; provided, the aggregation of bids in conformance with the Bid Procedures is authorized.

9.  In the event that the Debtor timely receives more than one Qualified Bid, the Debtor will proceed with the Auction in accordance with the Bidding Procedures. If the Debtor does not receive more than one Qualified Bid with respect to any or all of the Assets, the Debtor shall file a notice with the Court that no Auction will be conducted and shall proceed with the Sale Hearing without conducting the Auction.

10. Subject to the final determination of this Court, the Debtor is authorized to

4

determine, in its business judgment and pursuant to the Bidding Procedures, the highest or otherwise best bids and the Prevailing Bidder or Back-Up Bidder.

**C.    Sale Notice**

11.    The Sale Notice is hereby approved. By no later than November 13, 2017, the Debtor shall cause the Sale Notice to be served on: (i) all entities known by the Debtor to have expressed an interest in a transaction with respect to the Assets during the current calendar year; (ii) all state and local taxing authorities or recording offices which have a reasonably known interest in the relief requested; (iii) all of the Debtor's insurers; (iv) all non-debtor parties to relevant contracts or leases (executory or otherwise); (v) all parties who are known or reasonably believed, after reasonable inquiry, to have asserted any lien, encumbrance, claim, or other interest in the Assets; and (vi) upon all parties set forth on the Debtor's Creditor Matrix maintained in this case.

**D.    Miscellaneous**

12.    The Debtor is authorized to take all actions necessary and appropriate to implement and effectuate the relief granted pursuant to this Order in accordance with the Motion and do other things as may be necessary and appropriate to comply with the requirements established by the Bidding Procedures and this Order.

13.    The Debtor is authorized to conduct the Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

14.    Any stay of this Order, whether arising from Rules 6004 and/or 6006 of the Federal Rules of Bankruptcy Procedure or otherwise, is hereby expressly waived and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

15.    This Court shall retain jurisdiction with respect to all matters relating to the

interpretation or implementation of this Order.

16.     All rights to object to any sale are fully preserved and may be asserted, if properly lodged, at the hearing on whether to approve the sale.

17.     To the extent of any inconsistency between this Order and any attachment to this Order, this Order controls.

SIGNED this ___ day of _____, 2017.

                                                                  UNITED STATES BANKRUPTCY JUDGE

Exhibit 1

## Bidding Procedures

<u>Property to be Sold</u>: The Debtor shall offer for sale (the "<u>Sale</u>") the Debtor's derrick barges (including all appurtenances, but not equipment that is not an appurtenance) WILLIAM KALLOP and SWING THOMPSON (the "<u>Barges</u>" or "Acquired Property"). The Debtor will accept bids for all or a subset of the Acquired Property.

All of the Debtor's right, title, and interest in and to the Acquired Property, or any portion thereof to be acquired, will be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "<u>Claims and Interests</u>"), with such Claims and Interests to attach to the net proceeds of the sale of such Acquired Property, except to the extent otherwise set forth in the relevant purchase agreement between the Debtor and the Prevailing Bidder (defined below).

<u>Marketing Process</u>. The Debtor's Chief Restructuring Officer, David Weinhoffer (the "<u>CRO</u>"), will serve as administrator of the sale and auction process. The CRO has extensive international ship brokerage experience in the offshore marine construction sector.

The CRO will conduct the marketing of the Acquired Property, including (i) to the extent necessary, administering non-disclosure agreements between the Debtor and interested parties; (ii) contacting ship brokers whose clients may be interested in placing bids; (ii) directly contacting other potential buyers; (iii) liaising with interested parties in arranging for inspections; (iv) reporting on the status of marketing; and (v) assisting the Debtor in evaluating bids.

The CRO may be contacted at david@weinhoffer.com or c/o Kyung S. Lee 909 Fannin, Suite 3700, Houston, TX 77010.

<u>Participation Requirements</u>: Any potential bidder (a "<u>Potential Bidder</u>") that wishes to participate in the bidding for the Acquired Property must become a "<u>Qualified Bidder</u>." As a prerequisite to becoming a Qualified Bidder, a Potential Bidder must:

    (a) provide an executed confidentiality agreement in form and substance reasonably acceptable to the Debtor[1];

    (b) provide a Qualified Bid (defined below); and

        (c) provide (i) a letter of assurance from a reputable financial institution indicating the creditworthiness of the Potential Bidder; or (ii) the most current financial information evidencing the Potential Bidder's ability to fund and complete the consummation of the proposed transaction selected as the Prevailing Bidder (defined below), to the Debtor's satisfaction and the satisfaction of the Committee and of Schumann / Steier Holdings LLC (the "<u>DIP Lender</u>"); provided, if the DIP Lender or the Committee determines that

---

[1] For the avoidance of doubt, parties who executed a confidentiality agreement with the Debtor pre-petition shall not be required to execute a new confidentiality agreement provided that the pre-petition confidentiality agreement is in form and substance acceptable to the Debtor.

1

a Potential Bidder is not satisfactory, the matter should be presented to the Court.

The Debtor reserves the right at any time, in consultation with the DIP Lender, (i) to require any Potential Bidder previously determined to be a Qualified Bidder to provide additional evidence of its ability to consummate a transaction based upon a Qualified Bid in order to remain a Qualified Bidder, and (ii) to exclude any such Potential Bidder from participating further in the Auction process as a result of its inability to satisfy such further requirements to remain a Qualified Bidder.

Due Diligence: The Debtor shall afford Potential Bidders reasonable access to the Acquired Property so that they may conduct inspections. The Debtor may, in its reasonable business judgment and in consultation with the DIP Lender and the Committee, coordinate diligence efforts such that multiple Potential Bidders have simultaneous access to the Acquired Property. The Debtor shall also afford Potential Bidders other due diligence, including access to an electronic data room, which a Potential Bidder may reasonably request and as to which the Debtor, in its reasonable business judgment and in consultation with the DIP Lender and the Committee, may agree.

The CRO will coordinate all reasonable requests for additional information and due diligence access from Potential Bidders.

The Debtor may, in the exercise of its reasonable business judgment and in consultation with the DIP Lender and the Committee, extend a Qualified Bidder's time to conduct due diligence after the Bid Deadline (as defined below) until the Auction; provided, however, that (i) the Prevailing Bidder and Back-Up Bidder (defined below) shall be permitted to continue to conduct due diligence until closing of the sale; (ii) the Qualified Bid submitted by any such Qualified Bidder (including the Prevailing Bidder and Back-Up Bidder) shall not be subject to any due diligence contingencies as provided below; and (iii) following the Auction, no Qualified Bidder (including the Prevailing Bidder and Back-Up Bidder) may reduce or alter the purchase price consideration incorporated into their bid for the Acquired Property.

Debtor makes no representation or warranty as to the information to be provided through this due diligence process or otherwise, except to the extent set forth in definitive purchase agreement with any Prevailing Bidder (the "Prevailing APA").

Each Qualified Bidder shall be deemed to acknowledge and shall represent in any definitive agreement that it has had an opportunity to inspect and examine the Acquired Property and to conduct any and all due diligence prior to making its offer, that it has relied solely upon its own independent review, investigation, and/or inspection of any documents in submitting its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Debtor's businesses or the completeness of any information provided in connection with the Bidding Process.

Qualified Bid Requirements. A Potential Bidder's preliminary written proposal must include the following items in order to be considered a "Qualified Bid":

Exhibit 1

1. states such Potential Bidder offers to purchase one or more items of Acquired Property upon terms and conditions that the Debtor determines are reasonable;

2. identifies the cash consideration to be paid for the Acquired Property, or the amount of any credit bid as allowed hereunder;

3. identifies any liabilities to be assumed, if any, in connection with such proposed acquisition of the Acquired Property; provided, no Potential Bidder is required to assume any liabilities;

4. states such Qualified Bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Acquired Property;

5. in the case of a proposal to purchase the Barges, be accompanied by a duly executed purchase and sale agreement or similar agreement (the "Proposed APA") together with a comparison showing any variation between the Proposed APA and the Form APA attached to these procedures as **Exhibit A** (the "Form APA");

6. states such Qualified Bidder's offer is not subject to any due diligence or material financing conditions, or board or other approval (excluding customary regulatory approval that would follow the execution of definitive documentation for such a transaction) and is irrevocable until the closing of the Sale if such Qualified Bidder is the Prevailing Bidder (as defined below) and that such Qualified Bidder agrees to serve as a Back-Up Bidder (as defined below);

7. contains such financial and other information to allow the Debtor to make a reasonable determination as to the Qualified Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA, including, without limitation, such financial and other information which provides the basis for adequate assurance of future performance under contracts and leases to be assumed pursuant to paragraph 3 above in a form requested by the Debtor to allow the Debtor to serve such information on counter-parties to any contracts or leases to be assumed or assumed and assigned in connection with the proposed sale that have requested, in writing, such information;

8. does not request or entitle such Qualified Bidder to any break-up fee, topping fee, expense reimbursement or similar type of payment (and by submitting a Qualified Bid, a Qualified Bidder shall be deemed to have waived its right to pursue a substantial contribution claim under section

      503 of the Bankruptcy Code in any way related to the submission of its bid or these bidding procedures);

9.    fully discloses the identity of each entity that will be bidding in the Auction or otherwise participating in connection with such bid, and the complete terms of any such participation;

10.    includes evidence of authorization and approval from the Potential Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and performance of the Proposed APA; and

11.    states that it is irrevocable until the earlier of (x) thirty (30) days after the date of the Sale Hearing (as defined below) and (y) the closing date of the transaction with the Prevailing Bidder or the Back-Up Bidder.

Bids should be submitted to CRO and the Debtor: Diamond McCarthy, LLP, 909 Fannin, Suite 3700, Houston, TX, 77010 Attn: Kyung S. Lee and Charles Rubio, klee@diamondmccarthy.com and crubio@diamondmccarthy.com.

The Debtor shall notify bidders whether their bids have been determined to be qualified by no later than 12:00 p.m. (prevailing Central time) on the third (3rd) calendar day following the Bid Deadline.

Sale Notice. By no later than November 10, 2017, the Debtor will cause the Notice of Auction and Sale Hearing, substantially in the form attached as Exhibit B to these procedures (the "Sale Notice"), to be served by first-class mail, postage prepaid, facsimile, electronic transmission, or overnight mail upon: (i) all entities known by the Debtor to have expressed an interest in a transaction with respect to the Acquired Property during the current calendar year; (ii) all state and local taxing authorities or recording offices which have a reasonably known interest in the relief requested; (iii) all of the Debtor's insurers; (iv) all parties who are known or reasonably believed, after reasonable inquiry, to have asserted any lien, encumbrance, claim, or other interest in the Acquired Property; and (v) upon all parties set forth in the Debtor's Master Service List maintained in these cases (to the extent any party to receive notice thereby has not received notice pursuant to sections (i) through (v) above).

Bid Deadline: A Qualified Bidder that desires to make a bid shall deliver a written or electronic copy of its bid so as to be received by a date no later than December 15, 2017, (the "Bid Deadline"); provided that all Qualified Bid requirements must be completed prior to the Bid Deadline. Within 24 hours of receipt of a bid, the Debtor shall provide a copy of such bid to counsel for the Committee of Unsecured Creditors, provided, however, that information that was redacted from the Proposed APA and/or its exhibits before the Proposed APA was provided to a Potential Bidder shall also be redacted from the proposed bid. The Debtor shall provide copies of all Qualified Bids to all Qualified Bidders by no later than one (1) day before the day of the Auction.

Exhibit 1

Aggregate Bids: The Debtor may, in consultation with the DIP Lender and the Committee, aggregate separate bids from unaffiliated persons to create one "Bid" from a "Qualified Bidder"; provided, however, that all bidders shall remain subject to the provisions of Bankruptcy Code § 363(n) regarding collusive bidding; provided, further, any holders of Maritime Liens are authorized to aggregate their bids with other Maritime Lien Creditors.

Evaluation of Qualified Bids: Prior to the Auction, the Debtor shall determine, in its reasonable judgment after consultation with the Debtor's advisors and in consultation with the DIP Lender and the Committee, which Qualified Bid should serve as the baseline bid at the commencement of the Auction, based on their analysis of which of the Qualified Bids is likely to result in the highest and best value to the Debtor's estate.

No Qualified Bids: If no timely Qualified Bids are submitted by the Bid Deadline, the Debtor shall not hold an Auction.

Auction: In the event that the Debtor timely receives one or more Qualified Bids, the Debtor shall conduct an Auction on December 19, 2017 (the "Auction Date"). The Auction will be subject to the following rules:

1. only Qualified Bidders who have made a Qualified Bid shall be entitled to participate in or make any subsequent bids at the Auction;

2. each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale; provided, any holders of Maritime Liens are authorized to aggregate their bids with other Maritime Lien Creditors;

3. the Qualified Bidders shall appear in person at the Auction or through a duly authorized representative with a valid and enforceable power of attorney or other written proof evidencing their ability to bind such parties which documents shall be delivered to the Debtor prior to or at the Auction;

4. bidding shall commence at the amount and terms of the highest and best Qualified Bid as determined set forth herein;

5.

6. each Qualified Bidder may then submit successive bids in increments of at least $10,000 higher than the amount of the highest and best Qualified Bid or the previous bid, as applicable;

7. each Qualified Bidder may make one or more credit bids of some or all of their claims to the full extent permitted by Bankruptcy Code § 363(k), subject to the limitations set forth herein or in the Bid Procedures Order;

5

8. the Auction will be conducted openly and the Qualified Bidders will be informed of the terms of the highest and best previous bid;

9. all Qualified Bidders shall have the right to submit additional bids and make additional modifications to the Proposed APA at the Auction, *provided that* any such modifications to the Proposed APA on an aggregate basis and viewed in whole, shall not be less favorable or more burdensome to the Debtor's estate, as determined by the Debtor in consultation with the DIP Lender and the Committee, than the terms of the highest and best Qualified Bid at that time;

10. the Auction shall continue until there is only one offer that the Debtor determines, in consultation with the DIP Lender and the Committee, subject to Bankruptcy Court approval, is the highest or best from among the Qualified Bids submitted at the Auction (the "Prevailing Bid"). The bidder submitting such Prevailing Bid shall become the "Prevailing Bidder" and shall have such rights and responsibilities of the purchaser, as set forth in the Prevailing APA;

11. upon being selected as the Prevailing Bidder, the Prevailing Bidder shall submit a bank check or wire transfer to Diamond McCarthy, LLP in the amount of 10% of the purchase price contained in the Prevailing Bid as liquidated damages if the Prevailing Bidder shall default with respect to its offer (the "Good Faith Deposit"); and

12. the Debtor may, in consultation with the DIP Lender and the Committee, adopt such other rules for the Auction (including procedural rules and rules that may depart from those set forth herein) that it reasonably determines will result in the highest or otherwise best value for the Debtor's estate and that are not inconsistent with any Bankruptcy Court order, *provided that* any changed or additional rules of the Auction are not materially inconsistent with the Bidding Procedures, do not favor one Qualified Bidder over another, and are communicated to all participants at or prior to the Auction.

Sale Hearing: The Prevailing Bid will be subject to approval by the Bankruptcy Court. The hearing to approve the Prevailing Bid (the "Sale Hearing") shall take place on January 22, 2018 at 1:30 p.m. At such time, the Debtor will seek the entry of an order of the Bankruptcy Court approving and authorizing the Sale to the Prevailing Bidder on the terms and conditions of the Prevailing Bid. The Prevailing Bidder shall appear at the Sale Hearing personally or through a duly authorized representative who will be prepared to testify in support of the Prevailing Bid and the Prevailing Bidder's ability to close in a timely manner and provide adequate assurance of its future performance under any and all contracts and leases to be assumed and/or assigned as part of the proposed Sale.

Failure to Consummate Purchase: If an Auction is conducted, the party with the next highest and best Qualified Bid at the Auction, as determined by the Debtor in the exercise of its business judgment and in consultation with the DIP Lender, shall serve as a back-up bidder (the "Back-up Bidder") and keep such bid open and irrevocable until 5:00 p.m. (prevailing Central time) on the

date which is the earlier of (i) thirty (30) days after the date of the Sale Hearing or (ii) the closing of the Sale transaction with the Prevailing Bidder.

Following the Sale Hearing, if the Prevailing Bidder fails to consummate an approved Sale because of (a) the failure of a condition precedent beyond the control of either the Debtor or the Prevailing Bidder or (b) a breach or failure to perform on the part of such Prevailing Bidder, the Back-Up Bidder will be deemed to be the new prevailing bidder, and the Debtor will be authorized to consummate the Sale with the Back-up Bidder without further order of the Bankruptcy Court, provided, however, that if the proposed purchaser is the Back-up Bidder, the Debtor shall be required to consummate the Sale to the Back-Up Bidder should the Prevailing Bidder fail to consummate the approved Sale. In the case of (b) above, the defaulting Prevailing Bidder's Good Faith Deposit shall be forfeited to the Debtor, and the Debtor specifically reserves the right to seek all available damages from the defaulting Prevailing Bidder.

<u>Reservation of Rights</u>: The Debtor reserve its rights, which may be exercised only if authorized by Order of the Court, in the exercise of its fiduciary obligations and in consultation with the DIP Lender and the Committee, to modify the Bidding Procedures or impose, at or prior to the Auction, additional customary terms and conditions on the Sale of the Acquired Property, including, without limitation, extending the deadlines set forth in the Auction procedures, modifying bidding increments, adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice, withdrawing from the Auction the Acquired Property at any time prior to or during the Auction or canceling the Auction, all of which shall be based on an exercise of the Debtor's business judgment and in consultation with the DIP Lender and the Committee.

TO BE CONFORMED AS AGREED ON THE RECORD

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § | |
| **OFFSHORE SPECIALTY FABRICATORS, LLC,** | § § § § | Case No. 17-35623 (Chapter 11) |
| DEBTOR. | § § | |

## NOTICE OF SALE

READ THIS NOTICE CAREFULLY. FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL PERMANENTLY BAR YOU FROM ASSERTING RIGHTS YOU MAY HAVE IN CONNECTION WITH SALE PROCESS.

TO ALL CREDITORS AND OTHER PARTIES IN INTEREST:

    PLEASE TAKE NOTICE THAT on October 1, 2017, Offshore Specialty Fabricators, LLC ("OSF" or the "Debtor") filed a voluntary chapter 11 petition (the "Petition") [ECF No. 1] commencing the above-referenced chapter 11 case (the "Chapter 11 Case") in the U.S. Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

    PLEASE TAKE FURTHER NOTICE THAT since the Voluntary Petition Date, the Debtor has continued in possession and management of its business and properties as a debtor-in-possession.

    PLEASE TAKE FURTHER NOTICE THAT on October 23, 2017, OSF filed a motion [ECF No. 53], (the "Motion")[1] for an order approving, among other things, entry of an order (the "Sale Order") authorizing and approving the sale of substantially all of the Debtor's assets, including the sale of the derrick barges WILLIAM KALLOP and SWING THOMPSON (collectively, the "Assets") free and clear of liens, claims, encumbrances and other interests, to one or more purchasers submitting the highest or otherwise best offers therefor (the "Sale"). Please note that all capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

    PLEASE TAKE FURTHER NOTICE THAT THE DEBTOR PROPOSES THAT HOLDERS OF MARITIME LIENS WILL HAVE THEIR LIENS ATTACH TO THE NET

---

[1] The Debtor sought relief pursuant to sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") and Rules 2002, 6004, 6006, 9006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

PROCEEDS FROM THE SALE WITH THE SAME VALIDITY AND PRIORITY AS EXISTED PRIOR TO THE SALE.

PLEASE TAKE FURTHER NOTICE that OSF is soliciting offers for the purchase of any or all of the Assets consistent with the bidding procedures (the "Bidding Procedures") approved by the Bankruptcy Court by entry of an order dated _____, 2017 [ECF No. ____] (the "Bidding Procedures Order"). All interested bidders should carefully read the Bidding Procedures and Bidding Procedures Order. To the extent that there are any inconsistencies between this notice and the Bidding Procedures or Bidding Procedures Order, the Bidding Procedures or Bidding Procedures Order, as applicable, shall govern in all respects.

PLEASE TAKE FURTHER NOTICE that, if the Debtor receives more than one qualified bid within the requirements and time frame specified by the Bidding Procedures, the Debtor may determine, in the exercise of its business judgment, to schedule an auction (the "Auction") to request additional competitive bids from qualified bidders with respect to the Sale of the Assets on **December 19, 2017 at 10:00 a.m. (Central Time)**, at the offices of Diamond McCarthy, LLP, 909 Fannin Street, 37th Floor, Houston, TX, 77010, or such later date and time as selected by the Debtor. The Auction shall be conducted in a timely fashion according to the Bidding Procedures.

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Sale of any or all of the Assets to one or more Successful Bidder(s) (the "Sale Hearing") is presently scheduled to take place on _____, **2017 at ____ __.m. (Central Time)**, scheduled to be held before the Honorable Marvin Isgur at the United States Bankruptcy Court for the Southern District of Texas, Courtroom 404, 515 Rusk, Houston, TX 77002.

PLEASE TAKE FURTHER NOTICE THAT except as otherwise set forth in the Bidding Procedures Order, objections or responses, if any, to the Sale of the Assets or any relief requested in the Motion other than the relief granted by this Court in the Bidding Procedures Order must be (i) in writing; (ii) signed by counsel or attested to by the objecting party; (iii) in conformity with the Bankruptcy Rules and the Local Rules of the Court; and (iv) filed with the Clerk of the Bankruptcy Court, by no later than _____, **2017 at ____ __.m. (Central Time)** (the "General Objection Deadline").

**CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION**

ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE SALE ON OR BEFORE THE OBJECTION DEADLINE OR THE EXTENDED OBJECTION DEADLINE IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS SET FORTH IN THE APPLICABLE PURCHASE AGREEMENT RELATED THERETO. IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT CERTAIN OF THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: _____, 2017

Respectfully submitted,

DIAMOND McCARTHY LLP

/s/ _____
Kyung S. Lee
TBA No. 12128400
Michael Fritz
TBA No. 24083029
Two Houston Center
909 Fannin, 37th Floor
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199
klee@diamondmccarthy.com
mfritz@diamondmccarthy.com

*Proposed Counsel for Offshore Specialty Fabricators, LLC, Debtor and Debtor-in-Possession*