

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
04/23/2018

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **OFFSHORE SPECIALTY** | § | **Case No. 17-35623** |
| **FABRICATORS, LLC,** | § | |
| | § | **(Chapter 11)** |
| **DEBTOR.** | § | |

**REVISED ORDER APPROVING SALE PROCEDURES IN CONNECTION WITH THE**
**SALE OF THE ACCOMMODATIONS UNIT**
**[This Order relates to ECF Nos. 553 & 575]**

On March 19, 2018, Offshore Specialty Fabricators, LLC (the "Debtor") filed a motion

pursuant to §§ 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and

Rules 2002, 6004, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") for Entry of an Order (i) Approving Sale Procedures in Connection with the Sale of Non-

Barge Assets, (ii) Approving Form and Notice Thereof; and (iii) Authorizing the Debtor to Sell

Non-Barge Assets [ECF No. 553], (the "Motion").[1]

The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant

to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the

relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors;

(iv) proper and adequate notice of the Motion has been given and no other or further notice is

necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient

cause exists for the granting of the relief as set forth herein.  Therefore,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND

CONCLUSIONS OF LAW:[2]

---

[1]  Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.
[2]  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law
pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334.  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory bases for the relief requested in the Motion are: (i) §§ 105 and 363 of the Bankruptcy Code and (ii) Rules 2002(a)(2), 6004, and 9007 of the Federal Rules of Bankruptcy Procedure.

C.      Notice of the Motion is sufficient in light of the circumstances and the nature of the relief requested in the Motion.

D.      The Debtor has articulated good and sufficient reasons for this Court to: (i) approve the revised Sale Procedures; and (ii) authorize the Debtor to sell the Unit pursuant to the Sale Procedures.

E.      <u>Sale Procedures</u>.  The revised Sale Procedures, attached as <u>Exhibit 1</u> to this Order, are designed to encourage all entities to put their best bids forward and to maximize the value of the Unit.

F.      Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion, are overruled.

2.      The revised Sale Procedures, attached hereto as <u>Exhibit 1</u>, are hereby authorized and approved.  The Debtor is authorized to take any and all actions necessary to implement the

---

If any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Sale Procedures.

3.       The Debtor is authorized to take all actions necessary and appropriate to implement and effectuate the relief granted pursuant to this Order in accordance with the Motion and do other things as may be necessary and appropriate to comply with the requirements established by the revised Sale Procedures and this Order.

4.       Any stay of this Order, whether arising from Rules 6004 and/or 6006 of the Federal Rules of Bankruptcy Procedure or otherwise, is hereby expressly waived and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

5.       This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

6.       To the extent of any inconsistency between this Order and any attachment to this Order, this Order controls.  The Debtor is authorized to amend any attachment to this Order such that the attachments conform to the Order.

SIGNED this_____day of_____, 2018.

UNITED STATES BANKRUPTCY JUDGE

**[Exhibit 1 – Unit Sale Procedures]**

Process Oversight. The Debtor's Chief Restructuring Officer, David Weinhoffer (the "CRO"), will serve as administrator of the auction process. The CRO may be contacted at david@weinhoffer.com or at c/o Michael D. Fritz 909 Fannin, Suite 3700, Houston, TX 77010.

Certain Assets Classes to Be Auctioned:  Henderson Auctions will market and sell the accommodations unit reflected in **Exhibit A** (the "Unit") via its on-line and live auction process. Additionally, Henderson will attempt to include the Unit in its Marine/Oilfield Equipment Auction scheduled to take place in New Orleans on April 26, 2018.

Auctioneer Compensation:  Henderson will charge the Debtor a 10% seller's commission as compensation for its services.

Pick-Up Only. The Unit is offered *in situ* for pick-up. The Debtor will not be responsible for delivering, moving, removing, or otherwise preparing the Unit in connection with any auction or sale contemplated by these procedures.

Sale Free and Clear:  All of the Debtor's right, title, and interest in and to the Unit will be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "Claims and Interests"), with any such Claims and Interests to attach to the net proceeds of the sale of the Unit.

Due Diligence:  The Debtor will afford any potential bidders reasonable access to the Unit so that they may conduct inspections. The Debtor may, in its reasonable business judgment and in consultation with the Official Committee of Unsecured Creditors (the "Committee"), coordinate diligence efforts such that multiple potential bidders have simultaneous access to the Unit. The Debtor shall also afford potential bidders other due diligence information which a potential bidder may reasonably request and as to which the Debtor, in its reasonable business judgment and in consultation with the Committee, may agree.

Removal of Assets. Any purchaser of the Unit must remove it from the Debtor's facility no later than 14 days after finalizing the purchase of the Unit.

# OSF-LLC BANKRUPTCY LIQUIDATION

## EXHIBIT B

## 205 MAN LIVING QUARTERS

205 Man Living Quarters / Office



# 205 Man Living Quarters / Office

Offshore Specialty Fabricators, LLC

11/7/2017

## 205 Man Living Quarters / Office

Exterior





Offshore Specialty Fabricators, LLC

11/7/2017

## 205 Man Living Quarters / Office

MCC Room





Offshore Specialty Fabricators, LLC

11/7/2017

Case 17-35623   Document 553-2   Filed in TXSB on 03/19/18   Page 5 of 22

## 205 Man Living Quarters / Office

Air Handler





Offshore Specialty Fabricators, LLC

11/7/2017



## 205 Man Living Quarters / Office

1st Floor Bathroom





Offshore Specialty Fabricators, LLC

11/7/2017



## 205 Man Living Quarters / Office

Reception Office





Offshore Specialty Fabricators, LLC

11/7/2017



## 205 Man Living Quarters / Office

1st Floor Offices



Offshore Specialty Fabricators, LLC

11/7/2017



## 205 Man Living Quarters / Office

Stairwell



Offshore Specialty Fabricators, LLC

11/7/2017



## 205 Man Living Quarters / Office

Typical 2-Man Bunk



## 205 Man Living Quarters / Office

Typical Single Bunk



Offshore Specialty Fabricators, LLC

11/7/2017

## 205 Man Living Quarters / Office

Medic's Office





Offshore Specialty Fabricators, LLC

11/7/2017



## 205 Man Living Quarters / Office

### Small Conference Room



Offshore Specialty Fabricators, LLC

11/7/2017



## 205 Man Living Quarters / Office

### Large Conference / Media Room





Offshore Specialty Fabricators, LLC

11/7/2017



## 205 Man Living Quarters / Office

Rec Room



Offshore Specialty Fabricators, LLC

11/7/2017

## 205 Man Living Quarters / Office

TV Room



Offshore Specialty Fabricators, LLC

11/7/2017

# M A I N   P A S S   M I N E

## OFFICE / LIVING QUARTERS

# FREEPORT SULPHUR COMPANY

### A DIVISION OF FREEPORT McMoRAN RESOURCE PARTNERS

### NEW ORLEANS, LOUISIANA

# DRAWING LIST

## STRUCTURAL

(THESE DRAWINGS ARE APPROVED FOR
CONSTRUCTION DATED AUGUST 10, 1990)

| | |
|---|---|
| 92-04-0001 | HANDRAIL DETAILS |
| 92-04-1001 | FIRST FLOOR FRAMING PLAN |
| 92-04-1002 | SECOND FLOOR FRAMING PLAN |
| 92-04-1003 | THIRD FLOOR FRAMING PLAN |
| 92-04-1004 | FOURTH FLOOR FRAMING PLAN |
| 92-04-1005 | ROOF FRAMING PLAN |
| 92-04-1006 | FOTER AND ELEVATOR FRAMING PLANS |
| 92-04-1007 | FOTER AND ELEVATOR DETAILS |
| 92-04-1008 | NOT USED |
| 92-04-1009 | NOT USED |
| 92-04-1010 | FRAMING ELEVATIONS - COLUMN LINE A & E |
| 92-04-1011 | FRAMING ELEVATIONS - COLUMN LINE 1 & 5 |
| 92-04-1012 | FRAMING ELEVATIONS - COLUMN LINE B & D |
| 92-04-1013 | FRAMING ELEVATIONS - COLUMN LINE 2 & 4 |
| 92-04-1014 | FRAMING ELEVATIONS - COLUMN LINE C & 3 |
| 92-04-1015 | DETAILS |
| 92-04-1016 | DETAILS |
| 92-04-1017 | WALL SECTIONS & DETAILS |
| 92-04-1018 | NOT USED |
| 92-04-1019 | STAIR NO.1 DETAILS |
| 92-04-1021 | STAIR NO.3 DETAILS |
| 92-04-1022 | STAIR NO.3 DETAILS |
| 92-04-1023 | STAIR NO.1 & 2 FRAMING SECTIONS |
| 92-04-1024 | LISTING FE DETAILS |
| 92-04-1025 | DETAILS |
| 92-04-1026 | DETAILS |
| 92-04-1027 | STAIR NO.2A DETAILS |

## ARCHITECTURAL

| | |
|---|---|
| 92-03-1001 | FIRST FLOOR PLAN |
| 92-03-1002 | SECOND FLOOR PLAN |
| 92-03-1003 | THIRD FLOOR PLAN |
| 92-03-1004 | FOURTH FLOOR PLAN |
| 92-03-1005 | BUILDING ELEVATIONS |
| 92-03-1006 | BUILDING ELEVATIONS |
| 92-03-1007 | BUILDING SECTIONS |
| 92-03-1008 | STAIR DETAILS |
| 92-03-1009 | ELEVATOR SECTIONS |
| 92-03-1010 | STAIR DETAILS |
| 92-03-1011 | KITCHEN/DINING ROOM FLOOR PLAN |
| 92-03-1012 | DOOR OPENING SCHEDULE |
| 92-03-1013 | DOOR OPENING SCHEDULE |
| 92-03-1014 | DOOR OPENING SCHEDULE |
| 92-03-1015 | WINDOW OPENING SCHEDULE |
| 92-03-1016 | WINDOW DETAILS-HEAD, JAMB, SILL |
| 92-03-1017 | FINISH SCHEDULE |
| 92-03-1018 | FINISH SCHEDULE |
| 92-03-1019 | FINISH SCHEDULE |
| 92-03-1020 | FINISH SCHEDULE |
| 92-03-1021 | FINISH SCHEDULE |
| 92-03-1022 | TOILET ROOM FLOOR PLANS |
| 92-03-1023 | FIRST FLOOR FURNITURE PLAN |
| 92-03-1024 | SECOND FLOOR FURNITURE PLAN |
| 92-03-1025 | THIRD FLOOR FURNITURE PLAN |
| 92-03-1026 | FOURTH FLOOR FURNITURE PLAN |
| 92-03-1027 | WALL SECTIONS |
| 92-03-1028 | WALL SECTIONS |
| 92-03-1029 | WINDOW DETAILS-HEAD, JAMB, SILL |
| 92-03-1030 | ROOF PLAN |
| 92-03-1031 | ROOF DETAILS |

Case 17-35623   Document 553-2   Filed in TXSB on 03/19/18   Page:

