IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> OFFSHORE SPECIALTY § <br> FABRICATORS, LLC § <br> § <br> Debtor § | Chapter 11 <br><br> Case No. 17-35623 |

### DECLARATION OF DAVID WEINHOFFER IN SUPPORT OF THE FIRST AMENDED PLAN OF LIQUIDATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF OFFSHORE SPECIALTY FABRICATORS, LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Pursuant to 28 U.S.C. § 1746, I, David Weinhoffer, hereby state as follows under penalty of perjury:

1. I am over eighteen (18) years of age and have not been convicted of committing any felony.

2. I have personal knowledge of the facts below. I can testify to the facts below are true and correct.

3. I am also currently the Chief Restructuring Officer ("CRO") of Offshore Specialty Fabricators, LLC (the "Debtor" or "OSF").

4. I have read and reviewed the *First Amended Plan of Liquidation of the Official Committee of Unsecured Creditors of Offshore Specialty Fabricators, LLC Under Chapter 11 of the Bankruptcy Code* (the "Amended Plan") [Doc. 703].

5. I have also read and reviewed the Liquidating Trust Agreement (the "Liquidating Trust Agreement") attached as EXHIBIT A to the Amended Plan.

4818-1750-8216v3

6. I am aware that the Amended Plan provides for the creation of a Liquidating Trust[1] that will come into existence on or before the Effective Date into which all of the Liquidating Trust Assets will vest pursuant to the Amended Plan, which trust shall be formed pursuant to and governed by the Liquidating Trust Agreement.

7. I am aware that the Liquidating Trust shall be established for the general purposes of winding up the Debtor's business, pursuing OSF Causes of Action transferred to the Liquidating Trust, prosecuting and resolving objections to Disputed Claims against the Debtor that are payable from Liquidating Trust Assets, and liquidating and distributing the Liquidating Trust Assets, with no objective to continue or engage in the pursuit of a trade or business.

8. I have agreed to serve as liquidating trustee (the "Liquidating Trustee") of the Liquidating Trust after being selected for that role by the Official Committee of Unsecured Creditors (the "Committee") and I am qualified to serve in that capacity.

## Transfer of Assets into Liquidating Trust; Rights and Duties of Liquidating Trustee; and Oversight of the Liquidating Trust

9. I am aware that on the Effective Date, the Debtor shall be deemed to have irrevocably transferred and assigned the Liquidating Trust Assets to me as the Liquidating Trustee, to hold in trust for the benefit of the holders of the Liquidating Trust Beneficial Interests pursuant to the terms of the Amended Plan and the Liquidating Trust Agreement.

10. I am aware of and understand my rights and duties as provided in the Amended Plan and Liquidating Trust Agreement.

11. I am aware that the Trust Oversight Committee shall oversee the administration of the Liquidating Trust in accordance with the Liquidating Trust Agreement and consistent with the Amended Plan.

---

[1] Capitalized but undefined terms used herein shall have the meaning ascribed in the Amended Plan.

4818-1750-8216v3

12. As the Liquidating Trustee, I shall distribute Available Cash in accordance with the Liquidating Trust Agreement and Amended Plan. Except to the extent another provision of the Amended Plan Liquidating Trust Agreement controls, as the Liquidating Trustee, with the oversight from the Trust Oversight Committee, I shall be responsible for paying the following Claims from the Liquidating Trust Assets (except to the extent already satisfied): (i) Allowed Administrative Claims and Professional Compensation Claims, in the order of priority provided in the Bankruptcy Code, (ii) Allowed Priority Claims, (iii) Secured Claims of Taxing Authorities, (iv) Allowed Other Secured Claims, (v) Allowed General Unsecured Claims, (vi) Allowed Personal Injury Claims (as provided for below) and (vii) Subordinated Claims.

### Compensation

13. As the Liquidating Trustee, I shall be entitled to reasonable compensation as set forth in the Liquidating Trust Agreement.

14. I am aware that, as the Liquidating Trustee, and with the consent of the Trust Oversight Committee, I may retain and reasonably compensate counsel and other professionals to assist in my duties as Liquidating Trustee on such terms as I deem appropriate without Bankruptcy Court approval.

15. I have agreed to the following compensation structure:

>David Weinhoffer - $ 300/hr.
>
>CPA/Sr. Analyst - $175/hr.
>
>Claims/Case Admin/Analyst - $ 110/hr.

### Orderly Liquidation Proposed By the Amended Plan is Feasible

16. In my capacity as CRO of the Debtor, I prepared the Liquidation Analysis attached as EXHIBIT B to the *First Amended Disclosure Statement in Support of the First Amended Plan of*

*Liquidation of the Official Committee of Unsecured Creditors of Offshore Specialty Fabricators, LLC Under Chapter 11 of the Bankruptcy Code* (the "Amended Disclosure Statement") [Doc. 702]. I also prepared an analysis of the Debtor's Available Cash on the Effective Date, contained in Section II(G) of the Amended Disclosure Statement.

17. The Debtor has proposed an orderly liquidation of the Debtor's estate under the Plan.

18. Based upon the Liquidation Analysis and analysis of the Debtor's Available Cash on the Effective Date that I prepared, the orderly liquidation proposed by the Amended Plan is feasible.

19. I believe that I, as the Liquidating Trustee, will have sufficient Available Cash to meet expenses of the Liquidating Trust over the course of the Liquidating Trust's term.

20. Specifically, as shown by the Liquidation Analysis and analysis of the Debtor's Available Cash on the Effective Date, the Debtor will have sufficient Available Cash on the Effective Date to pay Priority Claims and Administrative Expenses in full.

21. Further, the Debtor will have sufficient Available Cash on the Effective Date to pay $350,000 to Class C-2 Claims, $425,000 to Personal Injury Reserve (Class C-3) Claims, and $400,000 to Class C-4 Claims, all as required by the Amended Plan.

22. Moreover, based upon my Liquidation Analysis, holders of allowed claims in each impaired class will either accept the Plan or receive at least as much under the Plan as they would if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code, assuming the most likely scenarios with respect to the size of the claims pool and the success of the liquidation.

To the best of my knowledge, I declare under penalty of perjury that the foregoing is true and correct.

Dated:

                                                      David Weinhoffer    10-16-2018