17UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| OFFSHORE SPECIALTY FABRICATORS, LLC, | § § § | Case No. 17-35623 |
| DEBTOR. | § § § | Chapter 11 |

**LIQUIDATING TRUSTEE'S SECOND OMNIBUS OBJECTION TO
DUPLICATIVE PROOFS OF CLAIM NOS. 65, 100, 113, 116, 117, AND 139**

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW AND EXPUNGE THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS IN THE TABLE ON THE NEXT PAGE OF THIS OBJECTION.**

**A HEARING HAS BEEN SET ON THIS MATTER ON JULY 17, 2019 AT 10:00 A.M. IN COURTROOM 404, U.S. COURTHOUSE, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

David Weinhoffer, the Liquidating Trustee (the "<u>Liquidating Trustee</u>") of the Offshore Specialty Fabricators, LLC Liquidating Trust (the "<u>Liquidating Trust</u>"), files this Omnibus Objection to Proofs of Claim Nos. 65, 100, 113, 116, 117, 139 (the "<u>Objection</u>") on the grounds that they are duplicative in whole or in part and would respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are §§ 105(a) and 502(b) of title 11 of chapter 11 of the United States Code, (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Bankruptcy Local Rules for the southern District of Texas.

## LIST OF CLAIMS TO WHICH OBJECTION APPLIES

4. Claimants receiving this objection should locate their names and claim numbers in the table below (the "Table"). The Table lists proofs of claim in alphabetical order by claimant name and includes the claim numbers.

| Creditor Name | Claim No. | Date Filed | Amount of Claim | Duplicative of Claim No. | Grounds For Objection |
|---|---|---|---|---|---|
| **Argo Partners (Marine Fab & Repair)** | 117 | 2/5/2018 | $68,173.48 | 120 | See Page 4 |
| **C-Port/Stone LLC** | 139 | 2/14/2018 | $48,502.08 | 141 | See Page 4 |
| **Coastal Distributors, Inc.** | 116 | 2/5/2018 | $52,262.13 | 121 | See Page 4 |
| **Hardy, Scott** | 113 | 2/5/2018 | $5,778.34 | 112 | See page 4 |
| **Hercules Wire Rope & Sling Co., Inc.** | 65-2 | 1/31/2018 | $153,997.87 | 63 & 64 (except with respect to $45,121.26) | See Page 3 |
| **Upstream Brokers** | 100 | 2/1/2018 | $411,614.93 | 142 | See Page 4 |

## RELIEF REQUESTED

5. The Trustee seeks entry of an order (i) expunging claim numbers 100, 116, 117, and 139 on the grounds they are duplicative; and (ii) allowing claim number 65-2 on an unsecured basis in the reduced amount of $45,121.26, because the other portions of Claim 65-2 are duplicative of the allowable, unsecured portions of claim numbers 63 & 64.

## FACTUAL BACKGROUND

### A. Hercules's Claim is Satisfied in Part.

6. On November 15, 2017, Offshore Specialty Fabricators (the "Debtor") filed a *Notice of December 5, 2017 Bar Date and Related Procedures for Parties Asserting Liens on the Derrick Barges William Kallop or Swing Thompson* [ECF No. 120]. The Notice required parties asserting claims secured by the Debtor's barges to file proofs of claim by December 5, 2017.

7. The Court held an estimation hearing on December 11, 2017 to estimate the amount of each party's maritime lien on the barges. The majority of claims were estimated at that hearing. The outcome of these estimation hearings is detailed in the Credit Bidding Estimation Order [ECF No. 347], which is attached hereto as **Exhibit A**.

8. After the barges were sold in early 2018, the Debtor paid the amounts listed in the "Allowed Estimated Amount for Purpose of Credit Bidding" column on the Credit Bidding Estimation Order to each respective claimant, including Hercules.

9. The Debtor's payments on account of Hercules's claims numbered 63 and 64 satisfied those claims only in part. With respect to Claim No. 63, Hercules is entitled to an unsecured claim in the amount of $94,836.37. With respect to Claim No. 64, Hercules is entitled to an unsecured claim in the amount of $14,040.95.

10.     In the explanation of Claim No. 65-2, Hercules indicated that Claim 65-2 was for a total of $153,997.87, which includes the allowable, unsecured portions of Claim Nos. 63 and 64. Thus, only $45,121.26 of Claim No. 65-2 is allowable.

### B.     Other Duplicative Claims

11.     The duplicative claims numbered 117 and 120 filed by Argo Partners seek identical amounts on identical grounds, as do claims numbered 139 and 141 filed by C-Port/Stone LLC and Claim Nos. 116 and 121 filed by Coastal Distributors, Inc.

12.     Upstream Broker's Claim No. 142 indicates that it amends Upstream's earlier Claim No. 100. Therefore, Claim No. 100 is duplicative of Claim No. 142.

13.     Finally, Scott Hardy filed claims numbered 112 and 113, both in the amount of $5,778.34.

## BASIS FOR RELIEF

14.     Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502.

15.     As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g., In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). A proof of claim must "set forth the facts necessary to support the claim." *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (citing 9, Resnick & Sommer eds., Collier on Bankruptcy ¶ 3001.09[1] at 3001-27 (15th ed. Rev. 2005)). If the proof of claim fails to set forth the necessary supporting facts, it is "not entitled to the presumption of *prima facie* validity, and the burdens of going forward and of proving its claims by a preponderance of the evidence are on the [claimant]." *In the Matter of Marino*,

90 B.R. 25, 28 (Bankr. D. Conn. 1988); *see also In re Svendson*, 34 B.R. 341, 342 (Bankr. D.R.I. 1983) (stating proofs of claim failed to "set forth all the necessary facts to establish the claim[s].").

16. A proof of claim also loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id.* Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).

17. Here, the attached affidavit of David Weinhoffer, former Chief Restructuring Officer of the Debtor and now the Trustee, establishes that the claims in the Table above are duplicative in whole or in part of other claims filed by the same creditors.

18. Accordingly, the Trustee seeks entry of an order expunging the duplicative claims, though with respect to Hercules's Claim No. 65-2, the Trustee seeks an order allowing that claim on an unsecured basis in the amount of $45,121.26.

WHEREFORE, for the reasons stated above and in the Declaration of David Weinhoffer, the Liquidating Trustee respectfully requests entry of an order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated: June 3, 2019 Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ Michael D. Fritz*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Michael D. Fritz
TBA No. 24083029
mfritz@diamondmccarthy.com
909 Fannin, Suite 3700
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Counsel to David Weinhoffer, Liquidating Trustee of the Offshore Specialty Fabricators Liquidating Trust*

## CERTIFICATE OF SERVICE

      I certify that on June 3, 2019, I caused a true and correct copy of the foregoing Objection to be served on all parties registered to receive electronic notice through the Court's CM/ECF system and by United States Mail, postage prepaid, to the claimant whose claim is subject to the Objection as listed below:

| | |
|---|---|
| Hercules Wire Rope & Sling Co.<br>P O Box 1769<br>Houma, LA 70361-1769 | Upstream Brokers<br>2020 N. Memorial Way<br>Houston, TX 77007 |
| Scott Hardy<br>114 Egle St.<br>Morgan City, LA 70380 | Coastal Distributors, Inc.<br>213 Venture Blvd.<br>Harahan, LA 70360 |
| Marine Fab & Repair, Inc.<br>214 Venture Blvd.<br>Harahan, LA 70360 | C-Port/Stone LLC<br>16201 E. Main St.<br>Cut Off, LA 70345 |

                                              */s/ Michael D. Fritz*