UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **OFFSHORE SPECIALTY** | § | Case No. 17-35623 |
| **FABRICATORS, LLC,** | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |

<u>LIQUIDATING TRUSTEE'S OBJECTION TO PROOF OF CLAIM NO. 10
FILED BY KLEIN INVESTIGATIONS AND CONSULTING</u>

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW AND EXPUNGE THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**A HEARING HAS BEEN SET ON THIS MATTER ON JULY 17, 2019 AT 10:00 A.M. IN COURTROOM 404, U.S. COURTHOUSE, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

David Weinhoffer, the Liquidating Trustee (the "<u>Liquidating Trustee</u>") of the Offshore Specialty Fabricators, LLC Liquidating Trust (the "<u>Liquidating Trust</u>") files this Objection to Proof of Claim No. 10 (the "<u>Claim Objection</u>") filed by Klein Investigations and Consulting, a Division of Klein Investments, Inc. ("<u>Klein Investigations</u>") and respectfully states as follows:

**JURISDICTION**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Claim Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of chapter 11 of the United States Code, (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Bankruptcy Local Rules for the southern District of Texas.

## RELIEF REQUESTED

4. The Trustee seeks entry of an order, substantially in the form of the order attached hereto, expunging and disallowing Claim No. 10 filed by Klein Investigations on November 6, 2017, in its entirety.

## BASIS FOR RELIEF

5. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502.

6. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g., In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). A proof of claim must "set forth the facts necessary to support the claim." *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (citing 9, Resnick & Sommer eds., Collier on Bankruptcy ¶ 3001.09[1] at 3001-27 (15th ed. Rev. 2005)). If the proof of claim fails to set forth the necessary supporting facts, it is "not entitled to the presumption of *prima facie* validity, and the burdens of going forward and of proving its claims by a preponderance of the evidence are on the [claimant]." *In the Matter of Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *see also*

*In re Svendson*, 34 B.R. 341, 342 (Bankr. D.R.I. 1983) (stating proofs of claim failed to "set forth all the necessary facts to establish the claim[s].").

7. A proof of claim also loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id.* Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).

8. Klein Investigations filed its Claim No. 10 against the Debtor on November 6, 2017. The sole basis for the claim, filed in the amount of $577,406.91, was principal ($569,727.30) and interest ($7,679.61) on a default judgment issued on July 11, 2017 by the 60th District Court of Jefferson County, Texas.

9. Claim No. 10 does not contain a copy of the judgment. Besides a short itemization of the principal and interest amounts, it does not contain any other documentation supporting the claim.

10. On December 13, 2018, the Ninth Court of Appeals in Beaumont, Texas issued a judgment reversing the default judgment in Case No. 09-17-00333-CV. Copies of the judgment and the memorandum opinion explaining the reasoning for the judgment are attached as Exhibit A.

11. Claim No. 10 should be disallowed and expunged because (i) the judgment upon which the claim is based has been reversed; and (ii) the claim lacks supporting documentation.

WHEREFORE, for the reasons stated above and in the Declaration of David Weinhoffer, the Liquidating Trustee respectfully requests entry of an order, substantially in the form attached hereto, disallowing and expunging Claim No. 10 and granting such other relief as is just and proper.

Dated: June 3, 2019

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/Michael D. Fritz*
Charles. M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Michael D. Fritz
TBA No. 24083029
mfritz@diamondmccarthy.com
909 Fannin, Suite 3700
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Counsel to David Weinhoffer, Liquidating Trustee of the Offshore Specialty Fabricators Liquidating Trust*

## CERTIFICATE OF SERVICE

      I certify that on June 3, 2019, I caused a true and correct copy of the foregoing Objection to be served on all parties registered to receive electronic notice through the Court's CM/ECF system and by United States Mail, postage prepaid, to the claimant whose claim is subject to the Objection as listed below:

Klein Investigations and Consulting, a Division of Klein Investments, Inc.
c/o John S. Morgan
Morgan Law Firm
2175 North Street
Beaumont, TX 77701

                                      */s/ Michael D. Fritz*