UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| OFFSHORE SPECIALTY FABRICATORS, LLC, | § § § § § | Case No. 17-35623 (Chapter 11) |
| DEBTOR | § | |

**CREDITOR, KLEIN INVESTIGATIONS AND CONSULTING, A DIVISION OF KLEIN INVESTMENTS, INC.'S RESPONSE TO LIQUIDATING TRUSTEE'S OBJECTION TO PROOF OF CLAIM NO. 10**

TO THE HONORABLE JUDGE OF SAID COURT:

Creditor, Klein Investigations and Consulting, a Division of Klein Investments, Inc. (Klein), files these Response to Liquidating Trustee's Objection to Proof of Claim No. 10, and would show the Court as follows:

**OBJECTION FOR LACK OF SERVICE**

1. For reasons unknown, Undersigned Counsel of record for Klein Investigations & Consulting is no longer receiving service of any filings in this bankruptcy proceeding. Undersigned Counsel had been receiving service for a significant period of time, but apparently somehow the email address had been changed without the Morgan Law Firm's knowledge on the Pacer system. The Morgan Law Firm has changed the email address back to the accurate

email address. Accordingly, Klein has not had sufficient time to prepare a full response.

<u>ARGUMENT AND AUTHORITIES</u>

2. Klein's Proof of Claim sets forth the facts necessary to support its claim. Liquidating Trustee's objection under Bankruptcy Rule 3001(f), has no basis. The Liquidating Trustee argues that Klein's Proof of Claim is defective for the following reason: "The sole basis for the claim, filed in the amount of $577,406.91, was principle ($569,772.30) in interest ($7,679.61) in a default judgment issued on July 21, 2017 by the 60th District Court in Jefferson County, Texas." Liquidating Trustee's Motion, para. 8. Liquidating Trustee then argues that Claim No. 10 does not contain a copy of that Judgment.

3. The Liquidating Trustee is correct that on December 13, 2018, the Ninth Court of Appeals in Beaumont, Texas issued a Judgment reversing the Default Judgment in Case No. 09-17-0033-CV. A copy of that Judgment is attached to the Liquidating Trustee's Motion as Exhibit "A." The Ninth Court's Opinion, however, does **not** dismiss Klein's lawsuit for these amounts against Debtor. Instead, the Court ruled **only** that Klein's service upon the Defendants in the lawsuit was technically defective, and therefore the Ninth Court vacated the

Judgment and remanded the case for a trial on the merits.  Klein's Proof of Claim, therefore, remains valid, and Klein continues to have a claim against this Debtor in the amounts set forth in the Proof of Claim, which has actually increased over time as interest accrues.  A copy of Klein's live Petition in the underlying case is attached as Exhibit "1."

4.     For these reasons, therefore, the Liquidating Trustee's Motion to Set-Aside Klein's Proof of Claim is misleading, erroneous, and should be denied. In an abundance of caution, however, Klein has filed an Amended Proof of Claim.  A true and correct copy is attached as Exhibit "2."

WHEREFORE, PREMISES CONSIDERED, Creditor Klein Investigations & Consulting, Inc., prays that this Court deny the Liquidating Trustee's Motion to Set-Aside Klein's Proof of Claim, and grant Klein such other and further relief, at law or in equity, to which it may be shown itself justly entitled.

Respectfully submitted,

*/s/ John S. Morgan*
JOHN S. MORGAN
State Bar No. 14447475
Morgan Law Firm
2175 North Street, Suite 101
Beaumont, Texas 77701
(409) 239-5984

                                                (409) 895-2839 facsimile
                                                Jmorgan@jsmorganlaw.com
                                                Attorney for Creditor, Klein
                                                Investigations & Consulting, Inc.

## CERTIFICATE OF SERVICE

This hereby certify that a true and correct copy of the foregoing document has been provided to all parties of record, via electronic filing on this 3rd day of July, 2019:

                                                */s/ John S. Morgan*
                                                JOHN S. MORGAN