

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/22/2019

| | | |
|---|---|---|
| **In re:** | § § | |
| **OFFSHORE SPECIALTY FABRICATORS, LLC,** | § § § § | Case No. 17-35623<br><br>Chapter 11 |
| **DEBTOR.** | § | |

## STIPULATION AND ORDER REDUCING AND ALLOWING PROOF OF CLAIM FILED BY KLEIN INVESTIGATIONS AND CONSULTING, A DIVISION OF KLEIN INVESTMENTS, INC. (CLAIM NO. 10)

David Weinhoffer (the "Liquidating Trustee"), in his capacity as the Liquidating Trustee of Offshore Specialty Fabricators, LLC (the "Debtor"), by and through his attorneys Diamond McCarthy LLP, and Klein Investigations and Consulting, a Division of Klein Investments, Inc. ("Klein"), by and through its attorney John S. Morgan, hereby enter into this stipulation (the "Stipulation") and agree as follows:

WHEREAS in 2017, Klein filed a lawsuit (the "Jefferson County Lawsuit") in the district court of Jefferson County, Texas against Kallop Enterprises, LLC; Offshore Express, Inc.; Offshore International Group; Offshore Shipbuilding, Inc.; Avid, LLC; Avid Air, LLC; Fairways, Inc.; Fairways Exploration and Production, LLC; Pisco Portion, LLC; FS Air Service, Inc. (collectively, the "Other Kallop Entities") and the Debtor;

WHEREAS, on October 1, 2017, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") commencing the above-captioned chapter 11 case (the "Chapter 11 Case");

WHEREAS the Jefferson County Lawsuit was automatically stayed by the Chapter 11 Case;

1

WHEREAS on October 26, 2018, this Court entered the *Order Confirming the Official Committee of Unsecured Creditors of Offshore Specialty Fabricators, LLC's First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [ECF 748] (the "Confirmation Order");

WHEREAS the Confirmation Order includes an injunction that prohibit from commencing or continuing in any manner against the Debtor or its successors and assigns and its assets and properties (together with all related injunctions and discharges, the "Plan Injunctions"); and

WHEREAS Klein filed a proof of claim in this Chapter 11 Case in the amount of $347,344.83 ("Klein Claim") based on the Jefferson County Lawsuit.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to Bankruptcy Court approval, the Liquidating Trustee and Klein stipulate as follows:

1. Upon the Effective Date, Klein Claim shall be reduced and allowed as a general unsecured claim against the Debtor's estate in the amount of $70,000 (the "Allowed Claim").

2. Upon the Effective Date, except for the obligations set forth in this Stipulation and Order, Klein hereby releases and forever discharges the Debtor and the Liquidating Trustee and each of its/his predecessors, successors, subsidiaries, affiliates, officers, directors, employees, attorneys, insurers, agents, representatives and assigns, past, present or future, from any and all claims, losses, liabilities, obligations, suits, debts, liens, contracts, agreements, promises, demands and damages, of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, that Klein ever had, now has, or hereafter may have, related to or arising out of the Jefferson County Lawsuit or the Chapter 11 Case. This release by Klein of

the Debtor and the Liquidating Trustee is not a release of Klein's claims and causes of action in the Jefferson County Lawsuit or in the probate proceedings for William Kallop, against Kallop Enterprises, LLC, Offshore Express, Inc., Offshore International Group, Offshore Shipbuilding, Inc., Avid, LLC, Avid Air, LLC, Fairways, Inc., Fairways Exploration and Production, LLC, Pisco Porton, LLC, FS Air Service, Inc., and the Estate of William Kallop. That, this Stipulation and Order does not adjudicate, does not release, and does not bar any of Klein's claims or causes of action against any other companies, entities, or person identified above in any state court proceedings.

3. Notwithstanding the automatic stay or the Plan Injunctions, Klein is authorized to continue pursuing the Jefferson County Lawsuit against the Other Kallop Entities. Within seven (7) days after receiving a signed copy of this Stipulation and Order, Klein shall file a motion and order to dismiss Offshore Specialty Fabricators, LLC. from the Jefferson County Lawsuit with prejudice. Upon the filing of that motion, it is stipulated the automatic stay and the Plan Injunctions shall no longer prevent, stay or bar Klein from pursuing his state court claims and causes of action against the companies, entities, or person identified in the preceding paragraph.

4. Each party represents and warrants that it has had an opportunity to review fully the provisions of this Stipulation as a result of which the parties hereto acknowledge and agree that (a) any rule of law that provides that ambiguities are to be construed against the drafting party shall not apply to the interpretation of this Stipulation, and (b) each party signing this Stipulation is entering into this Stipulation knowingly, voluntarily and of his/its own free will.

5. This Stipulation shall be binding upon the parties hereto and their respective successors and assigns from the date of its execution, but is subject to and contingent upon the Bankruptcy Court's entry of an Order approving this Stipulation, and shall be of no further force

and effect if not approved by a final non-appealable Order of the Bankruptcy Court (the day following 14 days after the entry of a non-appealable Order approving this Stipulation, the "Effective Date").

6. Each of the parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall perform any and all acts reasonably necessary or appropriate in conjunction with the performance of their obligations hereunder.

7. The parties hereto represent and warrant to each other that the signatories to this Stipulation are authorized to execute this Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation constitutes a valid, binding agreement in accordance with its terms.

8. This Stipulation may be executed by facsimile or electronically and in counterparts, all of which taken together shall constitute one and the same instrument. All executed copies are duplicate originals equally admissible in evidence in the event an action to interpret or enforce this Stipulation is hereafter brought. Facsimile or scanned signatures shall be acceptable as original signatures in executing this Stipulation.

9. This Stipulation constitutes the full agreement of the parties hereto with respect to its subject matter and supersedes all prior agreements, conversations, negotiations and understandings with respect thereto. This Stipulation shall not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of each of the parties hereto.

10. Nothing in this Stipulation shall be deemed an admission of any kind by any party hereto nor shall this Stipulation be admissible for any purpose in any litigation or proceeding.

The terms of this paragraph 10 shall survive in the event this Stipulation is not approved by the Court.

11. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation.

Dated: October 22, 2019

| AGREED AND STIPULATED TO: | AGREED AND STIPULATED TO: |
|---|---|
| DIAMOND MCCARTHY LLP | MORGAN LAW FIRM |
| By: */s/ Charles M. Rubio*<br>Charles M. Rubio, Esq.<br>295 Madison Avenue, 27th Floor<br>New York, NY 10017<br>Telephone: (212) 430-5400<br>Facsimile: (212) 430-5499 | By: */s/ John S. Morgan*<br>John S. Morgan, Esq.<br>2175 North Street, Suite 101<br>Beaumont, TX 77701<br>Telephone: (409) 239-5984<br>Facsimile: (409) 895-2839 |
| *Attorneys for Liquidating Trustee David Weinhoffer* | *Attorneys for Klein Investigations and Consulting, a Division of Klein Investments, Inc.* |

SO ORDERED, on this 22 day of _October_, 2019.

_____
HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE